# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 6, 2025

Lyle W. Cayce
Clerk

No. 24-50202
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Michael Thomas McCowan,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:23-CR-174-1

_____

Before Jones, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Michael Thomas McCowan pleaded guilty to possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1), reserving the right to appeal the denial of his motion to dismiss the indictment, which argued that § 922(g)(1) violated the Second Amendment facially and as applied to him under the test

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

articulated in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). He reiterates his contentions under *Bruen* on appeal.

The Government has moved for summary affirmance or, in the alternative, for an extension of time to file an appellate brief. While McCowan takes no position on the Government's motion for summary affirmance, he correctly concedes that his contentions are foreclosed by circuit precedent. We rejected a facial challenge to § 922(g)(1) under *Bruen* in *United States v. Diaz*, 116 F.4th 458, 471–72 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 2822 (2025). We have also held that the statute may be constitutionally applied to defendants, like McCowan, still serving a sentence for a prior felony conviction at the time of the § 922(g)(1) offense. *See United States v. Giglio*, 126 F.4th 1039, 1044–45 (5th Cir. 2025); *see also United States v. Contreras*, 125 F.4th 725, 732–33 (5th Cir. 2025).

Accordingly, the Government's unopposed motion for summary affirmance is GRANTED. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). The district court's judgment is AFFIRMED, and the Government's alternative motion for an extension of time to file a brief is DENIED.